# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAUNDRA G. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-13-580-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social, ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Saundra G. Jones filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

Plaintiff filed her application for disability benefits in April 2009. After a supplemental hearing[1] at which plaintiff, her daughter and a vocational expert testified, the Administrative Law Judge ("ALJ") found that plaintiff was not capable of performing her past relevant work, but could perform other available work in the economy. The Appeals Council denied plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner.

In her appeal plaintiff claims the ALJ erred by failing to consider her severe

---

[1]*The Appeals Council reversed the ALJ's initial decision and ordered a supplemental hearing after the transcript of the first hearing was lost.*

impairment due to small vessel ischemic disease at steps three through five of the sequential evaluation procedure. She also claims the ALJ improperly performed a credibility determination with respect to her allegation of back pain. The magistrate judge rejected both arguments, which plaintiff reurges in her objection to the Report and Recommendation.

Having conducted the required *de novo* review, the court agrees with the magistrate judge that the ALJ did not err by failing to include the effects of small vessel ischemic disease at steps three, four and five because of a lack of record evidence that the impairment had resulted in functional limitations that would limit plaintiff's ability to work. The court also agrees with the magistrate judge that the ALJ did not err in his credibility analysis.

Accordingly, the Commissioner's decision is **AFFIRMED**

**IT IS SO ORDERED**.

Dated this 4th day of June, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE